# Economy Powder Company *v.* Boyer, Appellant.

*Corporations—Stock—Company stock—Practice, C. P.—Case for the jury.*

In a suit against the president of a corporation to collect an alleged balance due on account of stock purchases, where the only question at issue is whether the defendant acquired all or only part of his holdings of stock from the company, the case is for the jury where, against the defendant's contention that part of his holdings were assigned to him by original allottees, there are shown exhibits from the books of the company prepared by him or from his data; his own declarations, testified to by several witnesses, importing that the stock was company stock; and the inference to be drawn from an admitted payment which, with other payments claimed by defendant but disputed by plaintiff, would make as a total the exact price of all his holdings at par.

Argued Feb. 28, 1910. Appeal, No. 19, January T., 1910, by defendant, from judgment of C. P. Berks Co., August T., 1906, No. 68, on verdict for plaintiff in case of Economy Powder Company, to the use of Samuel M. Heim, Assignee, v.

Frank J. Boyer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit for balance of subscription to stock. Before STEVENS, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff and judgment thereon for $2,500, with interest.

*Error assigned* was the discharging of a rule for judgment non obstante veredicto.

*Harry F. Kantner,* with him *S. M. Meredith,* for appellant.

*Cyrus G. Derr,* with him *Walter B. Freed,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 28, 1910:

The Economy Powder Company issued its capital stock at $10.00 per share. The defendant, who was a director of the company, and some time its president, is the holder of 500 shares. If he acquired all this stock from the company, he is indebted to the company on this account in the sum of $2,500; since all he claims to have paid the company on account of stock is $2,500. The plaintiff, assignee for the benefit of creditors, charges that the whole of the 500 shares was company stock, and this action was brought to collect from the defendant the difference, which the assignee claims as the balance due on account of the stock purchase. In answer to this demand, the defendant says that he acquired only 200 shares of the stock from the company, and that the remaining 300 shares of his holdings were assigned to him by the promoters of the company to whom it had been allotted in the original organization. This presents the only question of fact there was in the case. The several questions of law so elaborately discussed on this appeal are without relevancy. No question of estoppel arises; nor is it material whether others were induced to become purchasers of stock by the defendant's representation as to what he had paid for his

own holdings. The only question was, did or did not the defendant acquire all his stock from the company? If he did, he still owes for 250 shares; if he acquired it as he said he did, he owes the company nothing. The points submitted to the court, with a single exception to which we shall refer, had regard to legal propositions which were outside the case. They were nevertheless correctly answered, and the assignments which relate to these call for no discussion. The defendant asked for binding instructions. These being refused, a verdict was returned for the plaintiff, which the court refused to disturb on a motion for judgment non obstante. The appeal is resolved to a single question: Was there sufficient evidence to carry the case to the jury? Unquestionably there was. Against the defendant's contention there were the books of the company containing exhibits and statements prepared by the defendant, or caused to be prepared by him from data furnished by himself, supporting an antagonistic inference; his own declarations testified to by several witnesses clearly importing as many distinct admissions that the stock he held was company stock for which he had paid $10.00 a share. And more persuasive than all, an admitted payment to the company on June 3, 1904, of $1,972.17, which, with the earlier payments for which he claimed credit, but which were disputed, would make an exact total of $5,000, the price of 500 shares. The evidence required a submission to the jury. There is no complaint as to the manner of its submission.

The assignments of error are overruled, and the judgment is affirmed.